Louis C. Van Doren, for appellant. Gilbert E. Roe, for respondents.

PER CURIAM. Order affirmed, with $10 costs and disbursements.

INGRAHAM, P. J. (dissenting). I do not think this levy should have been vacated. My view upon a motion of this character is stated in my dissenting opinion in Bridges v. Wade, 113 App. Div. 362, 99 N. Y. Supp. 126. Where a question is presented as to whether a levy is sufficient to obtain a lien upon an amount due to the defendant by a party who has been served with a warrant of attachment in this state, I think the question of the sufficiency of the levy should be determined upon a proceeding to enforce it, and not upon a motion to vacate it; but, assuming that a motion to vacate this levy was proper, I think the facts bring this case within Flynn v. White, 122 App. Div. 780, 107 N. Y. Supp. 860, that the liability in favor of the defendant upon which this levy is made arose within this state, that that liability could be enforced within this state, and that the court below was therefore in error in vacating the levy. For the reasons stated, I think the order should be reversed, and the levy reinstated.

———

CLARK v. PHILLIPS. MAHANA v. SAME. (Supreme Court, Appellate Division, Fourth Department, January 18, 1911.) Actions by George Clark and by Jane Mahana against Frank Phillips.

PER CURIAM. Orders (65 Misc. Rep. 166, 119 N. Y. Supp. 360) affirmed, with $10 costs and disbursements.

KRUSE, J., dissents, upon the ground that the order for examination appears upon its face to have been made under article 1, title 3, c. 9, §§ 870–886, of the Code of Civil Procedure. Such an order can only be made by a judge, and not by the court. If the order was incorrectly entered, it should have been resettled before the judge who presided at the court that made it.

———

CLEVELAND, Appellant, v. CROMWELL, Respondent. (Supreme Court, Appellate Division, Second Department. October 20, 1910.) Action by Wilson A. Cleveland against George Cromwell.

PER CURIAM. Reargument ordered, and case set down for November 15, 1910. See, also, infra.

THOMAS, J., not voting.

———

CLEVELAND, Appellant, v. CROMWELL, Respondent. (Supreme Court, Appellate Division, Second Department. November 23, 1910.) Action by Wilson A. Cleveland against George Cromwell.

PER CURIAM. We are of opinion that the evidence of employment by the plaintiff of the defendant as an attorney to represent him in the criminal proceedings is such that the case must be submitted to a jury. For that reason, and on the authority of Cleveland v. Cromwell, 110 App. Div. 82, 96 N. Y. Supp. 475, and Cleveland v. Cromwell, 128 App. Div. 237, 112 N. Y. Supp. 643, the judgment is re-

versed on reargument, and a new trial granted, costs to abide the event. See, also, supra.

JENKS and RICH, JJ., dissent, on the ground that the evidence in this record did not require the submission of the case to the jury, and that in any event the alleged negligence of the defendant was not the proximate cause of the injury.

———

COHEN, Appellant, v. KATZ, Respondent. (Supreme Court, Appellate Division, First Department. October 28, 1910.) Action by Simeon Cohen, an infant, against Rose Katz, otherwise Rose Cohen. A. Nelson, for appellant. B. S. Catts, for respondent.

PER CURIAM. Judgment affirmed, with costs, with leave to plaintiff to withdraw demurrer on payment of costs. Order filed. See, also, infra.

INGRAHAM, P. J., and SCOTT, J., dissent, on dissenting opinion in Berry v. Berry, 130 App. Div. 53, 114 N. Y. Supp. 497.

———

COHEN v. KATZ. (Supreme Court, Appellate Division, First Department. November 25, 1910.) Action by Simeon Cohen, an infant, etc., against Rose Katz, etc. No opinion. Motion denied, with $10 costs. Order filed. See, also, supra.

———

COHEN, Appellant, v. REISENBERGER, Respondent. (Supreme Court, Appellate Division, Second Department. December 2, 1910.) Action by Solomon Cohen against Ray Reisenberger.

PER CURIAM. Judgment of the Municipal Court reversed, and new trial ordered, costs to abide the event, on the ground that plaintiff's employment, and defendant's liability and its scope, together with any question of damages, should have been left to the jury.

———

COHIE, Appellant, v. HERR, Respondent. (Supreme Court, Appellate Division, First Department. December 9, 1910.) Action by Elmer H. Cohie against Von H. Herr. G. Glenn, for appellant. J. A. Dayton, for respondent. No opinion. Order affirmed, with $10 costs and disbursements. Order filed.

———

COLE, Respondent, v. SLATE et al., Appellants. (Supreme Court, Appellate Division, Fourth Department. January 18, 1911.) Action by Harrison K. Cole against Victor R. Slate and another.

PER CURIAM. Judgment modified, by reducing the amount of the verdict to the sum of $5.31 as of the date of the rendition thereof in justice's court, and, as so modified, affirmed, without costs of the appeal in this court to either party.

McLENNAN, P. J., dissents, and votes for affirmance. WILLIAMS, J., dissents, and votes for reversal.

———

COLE, Respondent, v. UNITED TRACTION CO., Appellant. (Supreme Court, Appellate Division, Third Department. December 9,

1910.) Action by Vera May Cole, an infant, by Elizabeth Le Perle, her guardian ad litem, against the United Traction Company. No opinion. Motion granted. See, also, 125 N. Y. Supp. 1116.

COLLINS, Respondent, v. VICTORIA PAPER MILLS CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. November 23, 1910.) Action by William H. Collins against the Victoria Paper Mills Company. No opinion. Order affirmed, with costs.

COMBS, Respondent, v. COMBS, Appellant. (Supreme Court, Appellate Division, Fourth Department. November 30, 1910.) Action by Saloma E. Combs against Samuel J. Combs. No opinion. Judgment and order affirmed, with costs.

CONNERS, Respondent, v. COLLIER, Appellant. (Supreme Court, Appellate Division, Fourth Department. December 7, 1910.) Action by William J. Conners against Robert J. Collier. No opinion. Order, so far as appealed from; affirmed, with $10 costs and disbursements.

CORN et al. v. LIPMAN et al. (Supreme Court, Appellate Division, First Department. January 20, 1911.) Action by Eisek Corn and another against Max Lipman and another. No opinion. Motion granted; question to be certified on settlement of order. Settle order on notice.

CURTIS BLAISDELL CO. v. CHAPMAN. (Supreme Court, Appellate Division, First Department. December 23, 1910.) Action by the Curtis Blaisdell Company against Frank H. Chapman. W. C. Relyea, for plaintiff. C. E. Thornall, for defendant. No opinion. Exceptions overruled, and judgment ordered for plaintiff on the verdict, with costs. Settle order on notice.

CURTISS v. TELLER. (Supreme Court, Appellate Division, Fourth Department. November 23, 1910.) Action by Harlow C. Curtiss against George R. Teller. PER CURIAM. Order, so far as appealed from by plaintiff, reversed, with $10 costs and disbursements, and motion denied, with $10 costs. Order affirmed, so far as appealed from by defendant. McLENNAN, P. J., and ROBSON, J., dissent, and vote for affirmance.

CZIBILISKY, Respondent, v. SOLVAY PROCESS CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. January 11, 1911.) Action by William Czibilisky against the Solvay Process Company. PER CURIAM. Judgment and order reversed, and new trial ordered, with costs to appellant to abide event, unless the plaintiff shall, within 20 days, stipulate to reduce the verdict to the sum of $1,500 as of the date of the rendition thereof, in which event the judgment is modified accordingly, and, as so modified, is, together with the order, affirmed, without costs of this appeal to either party. See, also, 136 App. Div. 909, 120 N. Y. Supp. 1120.

DALHAYE, Respondent, v. HILDEBRAND, Appellant. (Supreme Court, Appellate Division, Second Department. December 30, 1910.) Action by Modeste A. Dalhaye against George Hildebrand. No opinion. Judgment and order unanimously affirmed, with costs.

DANIEL v. BONSAL. (Supreme Court, Appellate Division, Second Department. December 30, 1910.) Appeal from Special Term, Westchester County. Action by William J. Daniel against Henrietta M. Bonsal. Judgment for plaintiff, and defendant appeals. Affirmed conditionally. Frederick R. Graves (Clarence Lexow, on the brief), for appellant. Frederick W. Clark, for respondent. PER CURIAM. Judgment reversed, and new trial granted, costs to abide the event, unless within 30 days plaintiff procures the Ga Nun lien to be satisfied, the pending action to foreclose the same to be discontinued, and defendant released from any claim by Ga Nun, in which case the judgment is affirmed, without costs. THOMAS, J. (dissenting). When the plaintiff sued upon a quantum meruit, he took his chances upon that form of pleading. Now, it appears that he did not fulfill his contract, and that he did not have the certificate of the architect, as the contract required. The referee is obliged to help him out by making some partial deduction for his delinquencies, and thereupon gives him judgment for his damages, with costs. Unless all rules of pleading may be disregarded, and all the decisions of this and other courts neglected, the plaintiff has not pleaded properly, and yet he is just as successful and receives the same legal consideration as if he had been quite obedient to authority. The judgment should be reversed, and, if then the plaintiff wishes to move to amend his complaint before another trial, he will probably be permitted to do so upon payment of costs to the present time; but, as it is, the whole burden and costs of the litigation are thrown upon the litigant who is right, and all the benefits and advantages accrue to the one who is in the wrong.

DANIELS, Appellant, v. MIDDLETON et al., Respondents. (Supreme Court, Appellate Division, First Department. December 30, 1910.) Action by Norris S. Daniels against Clifford L. Middleton and others. I. L. Miller, for appellant. M. E. Kelly, for respondents. No opinion. Judgment affirmed, with costs. Order filed.

DAVENPORT, Respondent, v. DAVENPORT, Appellant. (Supreme Court, Appellate Division, First Department. December 23, 1910.) Action by Alice S. Davenport against Harry G. B. Davenport. D. Gerber, for appellant. H. G. Wiley, for respondent. No opin-